CHRISTOPHER J. CARLBERG (CABN 269242)
DANIEL B. TWOMEY (CABN 341488)
U.S. Department of Justice, Antitrust Division

450 Golden Gate Avenue, Suite 10-0101
San Francisco, California 94102-3478
Telephone: (415) 934-5300
christopher.carlberg@usdoj.gov
daniel.twomey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD., et al.,<br><br>Defendant. | CASE NO. 25-CR-00311-YGR<br><br>**REPLY IN SUPPORT OF NOTICE OF RELATED CASES IN A CRIMINAL ACTION**<br><br>Hon. Yvonne Gonzalez Rogers |
| DAYBREAK EXPRESS, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD., et al.,<br><br>Defendants. | CASE NO. 26-CV-05571-HSG<br><br>Hon. Haywood S. Gilliam, Jr. |
| ATLANTIC COAST CONTAINER, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD., et al.,<br><br>Defendants. | CASE NO. 26-CV-06337-NW<br><br>Hon. Noël Wise |

| | |
|---|---|
| DANYL WITTE, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD., et al.,<br>Defendants. | CASE NO. 26-CV-06422-HSG<br>Hon. Haywood S. Gilliam, Jr. |
| VC999 PACKAGING SYSTEMS, INC., individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD., et al.,<br>Defendants. | CASE NO. 26-CV-07447-EJD<br>Hon. Edward J. Davila |
| REY SALAZAR, and ANDREW BAKER, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD., et al.,<br>Defendants. | CASE NO. 26-CV-09548-HSG<br>Hon. Haywood S. Gilliam, Jr. |

The United States files this Reply to the Daybreak Express Plaintiffs' Response to the United States' Notice of Related Cases (filed at Dkt. 48 in *Daybreak Express, Inc. v. China International Marine Containers (Group) Co., Ltd., et al.*, 4:26-cv-05571-HSG) ("Response"). The Daybreak Express Plaintiffs' Response—while stating that the Civil Actions need not be related to the Criminal Action and assigned to the Judge with the earliest filed action—only confirms why the Civil Actions should be related to the Criminal Action.

First, the Daybreak Plaintiffs do not argue that the cases are not related as defined under Criminal Local Rule 8-1(b)(1). Nor could they. The Criminal Action and Civil Actions all allege that at least the same four corporate defendants—China International Marine Containers (Group) Co., Ltd.

("CIMC"); Shanghai Universal Logistics Equipment Co., Ltd. a/k/a Dong Fang International Containers ("Dong Fang"); CXIC Group Containers Co., Ltd. ("CXIC"); and Singamas Container Holdings Ltd. ("Singamas")—conspired to restrict the output and fix the prices of standard dry shipping containers. The Daybreak Plaintiffs' own complaint confirms that their Civil Action arises from "the same conduct" as the United States' Criminal Action. *See* Complaint, Dkt. 10 at 18, in *Daybreak Express, Inc. v. China International Marine Containers (Group) Co., Ltd., et al.*, 4:26-cv-05571-HSG (subheading stating, "Defendants Have Been Indicted by the United States Department of Justice for the *Same Conduct*" (emphasis added)). The Response also confirms that "the Civil Actions and the Criminal Action generally but not exclusively involve similar events, occurrences, transactions or properties." Response at 3. Because the Daybreak Plaintiffs do not appear to disagree that the cases involve at least "one or more of the same defendants and the same alleged events, occurrences, transactions or property," N.D. Cal. Crim. L.R. 8-1(b)(1), the cases should be related and assigned to the Judge presiding over "the earliest-filed case." N.D. Cal. Crim. L.R. 8-1(e).

Second, while it is true that—as is the case in most every related criminal and civil action—there are "different evidentiary standards, burdens, and procedural constraints," Response at 4, there are also numerous other reasons why it is more efficient to have the same Judge coordinate scheduling, hearing calendars, discovery requests, and other issues that affect all parties in these actions. Indeed, the Daybreak Plaintiffs recognize that the United States could "intervene, assert an interest, or otherwise want to be heard in the Civil Actions about coordination and other issues regarding the management of simultaneous civil and criminal cases." Response at 4. The Civil and Criminal Actions should therefore be assigned to the same Judge in order to resolve any potential conflict consistently and to preserve judicial resources, particularly when all the above-captioned actions have already been filed in the same district.

Finally, the Civil Actions are currently assigned across three different Judges within the District. And despite the relatively marginal differences in those Civil Actions—which include having some differences in defendants and differing claims—Plaintiffs still argue they should be consolidated before the same Judge presiding over the other Civil Actions. It stands to reason then that all the actions should

be consolidated together with the Criminal Action, particularly when the United States may intervene in each of the related Civil Actions.

The United States therefore respectfully requests that Civil Actions be related to the Criminal Action and assigned to a single Judge according to the Criminal Local Rule 8-1.

DATED: October 6, 2026

Respectfully Submitted,

/s/ *Daniel B. Twomey*

CHRISTOPHER J. CARLBERG
Assistant Chief

DANIEL B. TWOMEY
Trial Attorney
United States Department of Justice
Antitrust Division